# EXHIBIT A

Ilya E. Lerma, Esq. (Bar 019573)
**LAW OFFICE OF ILYA E. LERMA, ESQ., LLC**
610 East Bell Road, Suite 2-484
Phoenix, Arizona 85022
Phone: 602-899-3035
Fax: 602-899-3065
Ilya@ilyalaw.com
*Attorney for Plaintiffs*


**COPY**


JAN 11 2018
MICHAEL K. JEANES, CLERK
G. RAMIREZ
DEPUTY CLERK

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| DARRELL "TRENT" FLOYD and TERESA FLOYD, husband and wife,<br><br>Plaintiff,<br><br>vs.<br><br>IDS PROPERTY CASUALTY INSURANCE COMPANY d/b/a AMERIPRISE AUTO & HOME INSURANCE CO., a Wisconsin corporation; JOHN DOES and JANE DOES I-X; BLACK PARTNERSHIPS I-V; WHITE COPORATIONS I-V,<br>Defendant | Case No.:<br><br>CV2018-050068<br><br>**COMPLAINT**<br>*(Tort: Breach of Contract; Insurance Bad Faith)* |

PLAINTIFFS, Darrell and Teresa Floyd, by and through counsel undersigned, bring the following COMPLAINT for damages for breach of contract and bad faith, among other allegations. In support of claims for damages, they allege as follows:

### PARTIES, JURISDICTION & VENUE

1. At all material times, Plaintiffs Plaintiff Darrell T. Floyd ("Trent") and Teresa Floyd ("Teresa") were married and resided in the State of Arizona, County of Maricopa.

1

2. Defendant IDS Property Casualty Insurance Company d/b/a Ameriprise Auto & Home Insurance ("Ameriprise") is a corporation duly organized under the laws of the State of Wisconsin and licensed to conduct business in the State of Arizona, County of Maricopa.

3. At all relevant times, Trent and Teresa (also referred to herein jointly as "Plaintiffs") were the named insureds under a policy of insurance with Defendant Ameriprise. All claims asserted arise out of this contract of insurance entered into within the State of Arizona to provide uninsured (UM) and underinsured (UIM) coverage in Arizona.

4. Defendants John Does I-X and Jane Does I-X, Black Partnerships I-V, and White Corporations I-V are fictitious persons or entities whose conduct caused or otherwise contributed to Plaintiffs' damages herein. Plaintiffs reserve the right to seek leave of Court to supplement the true identities of fictitious persons or entities herein sued upon when their true identity becomes known or otherwise ascertained.

5. All acts, omissions and conduct alleged herein occurred in the State of Arizona, County of Maricopa.

6. The amount in controversy exceeds the Court's minimum jurisdictional amount.

7. The counts set forth herein arise out of express and implied contracts and agreements entitling the prevailing party to an award of attorney fees pursuant to A.R.S. § 12-341.01 and the unreasonably withheld policy benefits.

8. Pursuant to Ariz. R. Civ. Pro. R. 8(b)(2) the Plaintiffs allege qualification under *Tier III* as defined by R. 26.2(c)(3).

2

## THE INSURANCE POLICY & COVERAGE

9. All foregoing allegations are repeated and re-alleged as if more fully set forth herein.

10. For approximately 14 years, Defendant Ameriprise carried the automobile and home insurance coverage for the Plaintiffs, Trent and Teresa. In consideration for coverage, protection and peace of mind, they dutifully and timely paid premiums.

11. During the entire period of coverage until 2015, Trent and Teresa made only minor claims, primarily property claims in nature, under their automobile policy of insurance.

12. Ameriprise policy No. AI01000920 (the "Policy") provided for $100,000.00/$300,000 per person/per incident limits for Uninsured and Underinsured Motorist (UM/UIM) coverage.

13. The Policy further provided for $5,000.00 per person limits for expenses for medical services ("Medpay"). Medpay coverage provided benefits and reimbursement of incurred medical expenses due to treatment following motor vehicle crash.

14. Medpay coverage was addressed in **PART II – Expenses for Medical Services, Coverage B Medical Expense Coverage** of the Policy, which states, in part, as follows:

> *We will pay reasonable expenses incurred within three years from the date of the accident for necessary medical and funeral services because of bodily injury caused by accident and sustained by an injured person.*

15. The **Other Insurance** provision under further states:

> *This insurance does not cover the amount paid or payable under any available health or accident insurance.*

3

16. In the Policy, **PART III-Uninsured/Underinsured Motorist Coverage, Coverage B** states, in part, as follows:

> *We will pay compensatory damages for bodily injury caused by accident which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle.*

### ALLEGATIONS COMMON TO ALL COUNTS

17. All foregoing allegations are repeated and re-alleged as if more fully set forth herein.

18. On January 27, 2015, Trent was seriously injured in a front-end motor vehicle crash occurring in Maricopa County, Arizona and caused by the negligence of a third-party.

19. As a result of the crash, Trent suffered numerous bodily injuries including severe injuries and exacerbations to his back for which he required and continues to require medical care and incur medical expenses including hospital treatment, epidural injections, and pain management.

20. Teresa Floyd suffered loss of consortium damages as a result of physical injuries to her husband.

21. On March 24, 2016, Trent's attorney, representing the Floyds in connection with the injury claim, was notified that the 3rd party carrier would tender the policy limits of $50k on behalf of the at-fault driver.

22. Based on the lack of sufficiency of coverage of the at-fault motorist and Trent's ongoing medical treatment, a demand for UIM benefits was mailed to Defendant Ameriprise on March 31, 2016 and Plaintiffs submitted required proof for UIM benefits under terms of policy for payment.

23. Defendant Ameriprise responded on April 13, 2016, by refusing to either accept or deny the claim and demanded a five (5) year medical history including lumbar films and all MRI studies.

24. Trent provided a full authorization for Defendant Ameriprise to obtain complete records and cooperated fully with all requests from Ameriprise for access to his medical information.

25. A claim for medical payments benefits was also established with Defendant Ameriprise and a demand for medical payments to assist with payment of mounting medical expenses was mailed on July 14, 2016.

26. Shortly thereafter, Trent and Teresa experienced an increase in their insurance premiums in their policy with Ameriprise which constituted a violation of Ariz. Rev. Stat. § 20-263, Vehicle insurance; prohibited act by insurer; hearing; penalty:

> *A. No insurer shall increase the motor vehicle insurance premium of an insured as a result of an accident not caused or significantly contributed to by the actions of the insured. Any insurer which increases the premium as a result of accident involvement shall notify the insured of the reason for such increase.*
>
> *B. The director, after a hearing, shall order an insurer that has raised the premium of an insured in violation of subsection A to refund the amount attributable to such premium increase and shall impose a civil penalty not to exceed three hundred dollars. In determining whether an insurer has violated*

5

*subsection A, the director may conduct such investigation as he deems necessary and the costs shall be paid by the insurer pursuant to section 20-159.*

27. Beginning July 2016, Ameriprise began issuing denials of benefits for medpay. The Explanations of Benefits ("EOBs") listed various reasons for denial, including, "coordination of benefits" etc., and multiple other denial codes/reasons not specified in the policy or reasonably anticipated by the insureds.

28. Despite repeatedly sending complete records and billing records, more denials followed by Ameriprise for alleged "failure" to provide requested documentation. Additional denials followed for physical therapy, MRI, and other treatments pending "verification" of health insurance payments, among other reasons.

29. In the course of claims handling, Ameriprise adopted the position that it was "excess" over the health insurance and repeatedly refused to pay submitted claims.

30. Plaintiffs were advised that no medical payments would issue absent verification of health insurance billing and other unknown and vague procedural requisites not identified in the policy and not specifically within the control of the Plaintiffs.

31. Through July, August, and September 2016, Plaintiffs made various and repeated efforts to cooperate with requests for health information in order to obtain a reversal of the denial of medpay benefits including sending releases and copies of HIPPA forms, copies of health insurance cards, and signed injury cards. The denial of benefits persisted through numerous submissions and were premised upon unknown and unclear deficiencies.

6

32. After multiple and repeated attempts by Plaintiffs and their attorney to submit the bills and records and force Ameriprise forward in the processing of the claim, after more than one full year's delay, Defendant Ameriprise finally tendered partial benefits under the policy in the amount of $4,111.11.

33. Ongoing delays with the UIM benefits additionally persisted with Defendant Ameriprise requesting Injury Reports and supplements thereto that were repeatedly addressed and re-submitted by Plaintiffs' attorney.

34. On June 20, 2017, Ameriprise responded to the repeated urgings of Plaintiffs' attorney to process the claim with the precise letter they mailed the previous year in July 2016, stating that they could neither accept nor deny the claim until a five-year history and MRI films could be provided. This letter was mailed in spite of the fact that this precise information had been provided to Ameriprise on multiple occasions and Ameriprise had access to the information directly as it had a signed authorization from its insured.

35. In July 2017, Defendant Ameriprise still had not responded to outstanding requests for status and asserted again that it needed additional films in order to render a determination on the injury claim.

36. On August 24, 2017, following queries from the Plaintiffs' attorney about the status of the UIM claim, Ameriprise responded that the matter was out for "peer" review.

37. Defendant Ameriprise retained a reviewing consultant who wholly disfavored Trent's injuries and adopted this review in spite of the great weight of information corroborating injury.

38. An offer in the amount of $37,633.40 was finally extended by Ameriprise on December 21, 2017, which was significantly below the policy limits demanded and the full value of Plaintiffs' claims.

39. For greater than 20 months, Ameriprise denied benefits under the policy, delayed its claims' handling to the detriment of its insureds, deprived their insureds of the benefits for which they initially sought coverage, extended offers far below the true and actual value of damages and failed to investigate the claim in a timely manner or in any manner consistent with equal consideration.

39. During its claims' handling, Defendant Ameriprise repeatedly engaged in conduct prohibited under Arizona law. Specifically, A.R.S. § 20-461, Arizona Unfair Claim Practices Statute, proscribes certain types of conduct by insurer's in the claims adjustment process and though the statute does not create a private cause action, the statute clearly prohibits insurers from engaging in specific types of conduct in the claims' process, *including* but not limited to, the following:

a. Refusing to timely pay claims without conducting a reasonable investigation based upon all available information;

b. Not attempting in good faith to effectuate prompt, fair or equitable settlement of claim brought by the insureds;

c. Failing to promptly provide a reasonable explanation of the basis in the insurance policy relative to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

40. Failing to address medpay claims and extending offers for UIM benefits substantially below the true and actual value of the claims, Plaintiffs have been forced to seek access to their contract benefits via the present action.

41. Plaintiffs dutifully paid premiums and complied with all aspects of requested claims' handling procedures only to be delayed for over 20 months following inception/opening of the initial claim and met with offers of settlement far below the actual damages suffered.

42. As a direct and proximate result of the claims' handling of Defendant Ameriprise, Plaintiffs have been and continue to be deprived of benefits for which they paid a premium and have suffered monetary and other damages.

## COUNT I
### (Breach of Contract-MedPay)

43. All foregoing allegations are repeated and re-alleged as if more fully set forth herein.

44. Defendant Ameriprise breached the Policy by failing to pay Trent's expenses in the principal amounts of coverage of $5,000.00 as specified in the policy *and* by failing to timely process the claims. The twelve (12) month period taken by Defendant Ameriprise to process medpay claims and the repeated and unsubstantiated denials were not supported by the coverage as defined in the policy. The medpay claims handling was unreasonable, untimely, and the denials unwarranted and vague and designed to make the process of access to benefits unduly burdensome, confusing, and time-consuming.

9

45. As a direct and proximate result of Defendant Ameriprise's breach, Plaintiffs incurred damages in an amount to be proven at trial, as well as statutory interest and attorney fees pursuant to A.R.S.§ 12-341 and 12-341.0.1.

## COUNT II
### (Breach of Contract-UIM)

46. All foregoing allegations are repeated and re-alleged as if more fully set forth herein.

47. Defendant Ameriprise breached the Policy by failing to extend UIM offers of settlement sufficient to pay for damages incurred as a result of the crash for *necessary medical* care as stated under the policy. The insureds have been deprived of the benefits of the policy for which they paid a premium and are forced to pursue recovery via the present action.

48. Plaintiff Trent Floyd sustained severe and permanent injury as a direct and proximate result of the negligence of an underinsured motorist and is therefore entitled to UIM benefits pursuant to the Policy.

49. Plaintiff Teresa Floyd similarly suffered loss of consortium damages as a result of Trent's injuries and is similarly entitled to UIM benefits pursuant to the Policy.

50. As a direct and proximate result of Defendant Ameriprise's breach of contract, Plaintiffs incurred losses damages in an amount to be proven at trial, including Policy coverage limits of $100,000.00 per person, and statutory interest and attorney fees pursuant to A.R.S.§ 12-341 and 12-341.0.1.

10

## COUNT III
*(Tort of Bad Faith/Breach of Covenant of Good Faith and Fair Dealing)*

51. All foregoing allegations are repeated and re-alleged as if more fully set forth herein.

52. The covenant of good faith and fair dealing is inherent in every contract of insurance and requires that an insurer deal fairly with its insured and give *equal* consideration to the interest of its insured as to its own business and pecuniary interest.

53. At all material times, Defendant Ameriprise knew that among the purposes of insurance is to extend peace of mind and financial security to their insureds. In spite of such knowledge, Defendants acted intentionally and with reckless indifference to the rights and interests of Plaintiff and their vulnerable economic position and denied, delayed and failed to pay losses or expenses known to be covered under the terms of the Policy.

54. Defendant Ameriprise's conduct over the life of the claims affirms a clear pattern of delay and preference for denial designed to undermine the security of its insured and deprive them of the benefits for which they paid a premium.

55. Defendant Ameriprise breached the covenant of good faith by engaging conduct that included, but was not limited to:

   a. Placing their interests, primarily financial, ahead of their insureds;

   b. Failing to adequately and timely investigate Plaintiffs' claims;

   c. Refusing to fully and properly pay/reimburse medical expenses incurred by the Plaintiffs;

11

    d. Failing to pay medical expenses at a time Defendant knew Plaintiffs were entitled to such benefits under the terms of the policy and Arizona law;

    e. Unreasonably delaying payment and the creating vague and unknown barriers to the claims' handling process;

    f. Applying vague and ambiguous terms in the policy to deny payment;

    g. Extending offers far below actual damages without a legitimate legal or contractual basis;

    h. Failing to fully, fairly and timely investigate Plaintiffs' claims;

    i. Failing give equal consideration to the information gathered during the course of investigation and instead adopting a preference for its own business interests;

    j. Failing to effectuate a prompt, fair and equitable settlement of claims;

    k. In such other manner as may be proven at trial.

56. The delay and low offers extended in settlement of UIM benefits and the denial and delay of claims under medpay fully lacked any reasonable basis.

57. The acts and omissions committed by Defendant Ameriprise constitutes a conscious disregard for the rights of their insureds.

58. The pattern of conduct by Defendants outlined above was aggravated, outrageous, malicious, fraudulent and/or willful and guided by evil motive(s).

59. The malicious pattern of conduct engaged by Defendants further included, but was not limited to, the unreasonable delay in the payment of claims, adopting or otherwise endorsing use of claims' processes' that were needless burdensome, duplicative,

confusing, and generally pursuing a course of conduct that delayed or restricted access to benefits owed under the Policy. Such conduct entitles Plaintiffs to an award of punitive damages.

60. As a direct and proximate result of the bad faith committed by Defendants, Plaintiffs suffered compensatory damages in the amount of coverage limits applicable under both UIM and medpay provisions of the Policy, direct and consequential damages for the delay and withholding of benefits, general and punitive damages as well as attorney fees and costs pursuant to A.R.S.§ 12-341 and 12-341.0.1.

**WHEREFORE**, Plaintiffs requests judgment be entered against Defendant Ameriprise, as follows:

A. For benefits of the UIM limits of the underlying Policy;

B. For Special damages in an amount to be determined at trial;

C. For General damages in an amount to be determined at trial and to include those compensatory losses for the mental and emotional distress, anxiety, worry, loss of time, etc. and all other recoverable damages;

D. For Prejudgment interest;

E. For Punitive and exemplary damages in an amount that is fair and just against defendants;

F. For Reasonable attorney fees pursuant to A.R.S. § 12-341.01 or express contractual provision;

G. For all Taxable costs incurred; and

H. Such other and appropriate relief as the Court may deem just and proper.

Dated this 5th of January, 2018.

LAW OFFICE OF ILYA E. LERMA, ESQ., LLC

*[signature]*

Ilya E. Lerma, Esq.
Law Offices of Ilya E. Lerma, Esq., LLC
610 East Bell Road, Suite 2-484
Phoenix, Arizona 85022

Ilya E. Lerma, Esq. (Bar 019573)
**LAW OFFICE OF ILYA E. LERMA, ESQ., LLC**
610 East Bell Road, Suite 2-484
Phoenix, Arizona 85022
Phone: 602-899-3035
Fax: 602-899-3065
Ilya@ilyalaw.com
*Attorney for Plaintiffs*

STATE OF ARIZONA
DEPT. OF INSURANCE
JAN 1 2 2018
TIME  11:00 am
SERVICE OF PROCESS

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

DARRELL "TRENT" FLOYD and
TERESA FLOYD, husband and wife,

Plaintiff,

vs.

IDS PROPERTY CASUALTY
INSURANCE COMPANY d/b/a
AMERIPRISE AUTO & HOME
INSURANCE CO., a Wisconsin
corporation; JOHN DOES and JANE DOES
I-X; BLACK PARTNERSHIPS I-V;
WHITE COPORATIONS I-V,
        Defendant

Case No.:
CV2018-050068

**SUMMONS**

If you would like legal advice from a lawyer,
Contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

### THE STATE OF ARIZONA TO THE DEFENDANTS:

**IDS PROPERTY CASUALTY INSURANCE COMPANY
d/b/a AMERIPRISE AUTO & HOME INSURANCE COMPANY
JOHN DOES I-X
JANE DOES I-X
BLACK PARTNERSHIPS I-V
WHITE CORPORATIONS I-V**

1

**WARNING: This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this "Summons".

2. If you do not want a judgment or order taken against you without your input, you must file an "Answer" or a "Response" in writing with the court, and pay the filing fee. If you do not file an "Answer" or "Response" the other party may be given the relief requested in his/her Petition or Complaint. To file your "Answer" or "Response" take, or send, the "Answer" or "Response" to the Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 or the Office of the Clerk of the Superior Court, 222 East Javelina Drive, Mesa, Arizona 85210-6201 or Office of the Clerk of Superior Court, 14264 W. Tierra Buena Lane, Surprise, Arizona 85374. Mail a copy of your "Response" or "Answer" to the other party at the address listed on the top of this Summons.

3. If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or

2

the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4. You can get a copy of the court papers filed in this case from the Plaintiff Attorney: Ilya E. Lerma, Esq.

**LAW OFFICE OF ILYA E. LERMA, ESQ.**

GATE6 CORPORATE OFFICES

16624 N. 90TH Street, Suite 111

Scottsdale, AZ 85260

**OR** from the Clerk of the Superior Court's Customer Service Center at 601 W. Jackson, Phoenix, Arizona 85003; OR at 222 E. Javelina Drive, Mesa, Arizona 85210.

5. Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least five (5) days before your scheduled court date.

SIGNED AND SEALED this date _____ **COPY**

MICHAEL K. JEANES, CLERK OF COURT
JAN 11 2018

By Deputy Clerk  MICHAEL K. JEANES, CLERK
G. RAMIREZ
DEPUTY CLERK

COPY

Ilya E. Lerma, Esq. (Bar 019573)
**LAW OFFICE OF ILYA E. LERMA, ESQ., LLC**
610 East Bell Road, Suite 2-484
Phoenix, Arizona 85022
Phone: 602-899-3035
Fax: 602-899-3065
Ilya@ilyalaw.com
*Attorney for Plaintiffs*

JAN 11 2018
MICHAEL K. JEANES, CLERK
G. RAMIREZ
DEPUTY CLERK

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| DARRELL "TRENT" FLOYD and TERESA FLOYD, husband and wife,<br><br>Plaintiff,<br><br>vs.<br><br>IDS PROPERTY CASUALTY INSURANCE COMPANY d/b/a AMERIPRISE AUTO & HOME INSURANCE CO., a Wisconsin corporation; JOHN DOES and JANE DOES I-X; BLACK PARTNERSHIPS I-V; WHITE COPORATIONS I-V,<br>Defendant | Case No.:<br><br>CV2018-050068<br><br>**CERTIFICATE REGARDING COMPULSORY ARBITRATION** |

Undersigned counsel certifies pursuant to Ariz. R. Civ. Pro. 72(e) that the largest award sought by the complainants, including punitive damages, but excluding interest, attorneys' fees, and costs ***does*** exceed limits set by Local Rule for compulsory arbitration. This case is ***not*** subject to the Uniform Rules of Procedure for Arbitration.

1

Dated this ___5th___ day of January, 2018.

                        LAW OFFICES OF ILYA E. LERMA, ESQ.

                        _____
                        Ilya E. Lerma, Esq.
                        610 East Bell Road, Suite 2-484
                        Phoenix, Arizona 85022
                        Attorney for Plaintiffs