**WO**

NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Darrell Floyd, et al., | No. CV-18-00400-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| IDS Property Casualty Insurance Company, et al., | |
| Defendants. | |

Before the Court is Defendants' Amended Motion to Amend Scheduling Order (Doc. 32). Although Plaintiffs have not filed a Response and the time to do so has not expired, the Court finds a Response to be unnecessary. Pursuant to the parties' Stipulation to Amended Scheduling Order (Doc. 21), Defendants' deadline to disclose expert witnesses as required by Federal Rule of Civil Procedure ("Rule") 26(a)(2) was February 22, 2019. (Doc. 22 at 1). Defendants represent that "[t]hrough a series of events, defense counsel missed the expert witness disclosure[.]" (Doc. 32 at 2).

Rule 16(b)(4) expressly states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.,* 654 F.3d 975, 984 (9th Cir. 2011), *cert. denied sub nom. C.F. v. Corbett*, 565 U.S. 1200 (2012) (citations and internal quotation marks omitted) (omission in original); *see also Coleman*

*v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000) (finding plaintiffs' failure to show diligence should end the inquiry). In the context of a request to modify a scheduling order, "good cause" means the scheduling order's deadlines cannot be met despite the party's diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and internal quotation marks omitted).

Federal courts in Arizona and within the Ninth Circuit "have articulated and undertaken [a] three-step inquiry in resolving the question of diligence in the context of determining good cause under Rule 16[.]" *Morgal v. Maricopa County Bd. of Sup'rs*, 284 F.R.D. 452, 460 (D. Ariz. June 6, 2012) (*quoting Grant v. United States*, 2011 WL 5554878, at *4 (E.D. Cal. Nov. 15, 2011), *adopted by*, 2012 WL 218959, at * 1 (E.D. Cal. Jan. 23, 2012)). Under this three-step inquiry:

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that []he was diligent in assisting the [c]ourt in creating a workable Rule 16 order; (2) that h[is] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding h[is] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that []he was diligent in seeking amendment of the Rule 16 order, once it became apparent that []he could not comply with the order.

*Morgal*, 284 F.R.D. at 460 (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (alternations in original and other citations omitted)).

In seeking leave to modify the Scheduling Order, Defendants have the burden of establishing good cause within the meaning of that Rule. As to the first good cause factor, the Court finds that the record reflects that the Defendants assisted the Court in creating a workable Rule 16 Order. As to the second good cause factor, Defendants have provided a

series of unpersuasive explanations for their failure to meet the expert discourse deadline, including the way in which Plaintiffs titled their expert disclosure,[1] staffing changes within Defendants' counsel's firm, and a trial in another matter that was set to begin on March 18, 2019. (*Id.* at 3). None of these proffered explanations demonstrate that Defendants were diligent in complying with the Scheduling Order. In fact, Defendants failed to make any arguments[2] concerning their diligence in complying with the Scheduling Order. As to the third good cause factor, Defendants have not met their burden of showing that they were diligent in seeking an amendment to the Scheduling Order once it became apparent that they could not comply with the deadlines. Defendants' expert disclosure deadline was February 22, 2019, and Defendants did not seek an extension until April 2, 2019, which is nearly six weeks after the expert disclosure deadline. Defendants have failed to provide any explanation for the delay in seeking for the amendment.

Defendants have not shown that they were unable to meet their expert disclosure deadline despite their diligence. Thus, the Court finds Defendants have not established good cause to extend the deadline. Accordingly,

…

…

---

[1] Defendants provide that Plaintiffs' expert disclosure "was presented as "Plaintiff's First Supplement to Disclosure Statement," a characterization that is not technically accurate since the adoption of the MIDP procedure [General Order 17-08]. The effect was that, in keeping with the firm's electronic filing practices and templates, the document was placed in the case file's Disclosure folder, rather than the Discovery folder for responses to interrogatories." (Doc. 32 at 2-3). Plaintiff's expert disclosures were due on January 11, 2019, which was approximately six weeks before Defendants' expert disclosure deadline. The Court fails to understand the importance of the way in which Plaintiffs titled their expert disclosures. Defendants' expert disclosure deadline was not in any way dependent on Plaintiff's expert disclosures.

[2] Defendants provide that "the omission was neither willful nor the result of bad faith" and that the "[d]eadlines may be reasonably adjusted so that there is no significant delay in getting the case set for trial, and no prejudice to Plaintiffs." (Doc. 32 at 3). However, as discussed above, Defendants' Motion is analyzed the Rule 16(b)'s good cause standard, which primarily considers the diligence of the party seeking the amendment. *See also Johnson*, 975 F.2d at 609 ("Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."). Therefore, the Court finds that the bulk of Defendants' arguments are not directly relevant.

1 **IT IS ORDERED** that Defendants' Amended Motion to Amend Scheduling Order
2 (Doc. 32) is **DENIED**.
3 Dated this 9th day of April, 2019.

_____
Honorable Diane J. Humetewa
United States District Judge