WO

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darrell Floyd, et al., | No. CV-18-00400-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| IDS Property Casualty Insurance Company, et al., | |
| Defendants. | |

Before the Court is Defendant IDS Property Casualty Insurance Company's[1] ("IDS") Motion in Limine (Doc. 49) to which Plaintiffs filed a Response (Doc. 55).

## I. LEGAL STANDARD

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n.4 (1984). The Ninth Circuit has explained that motions in limine "allow parties to resolve evidentiary disputes ahead of trial, without first having to present potentially prejudicial evidence in front of a jury." *Brodit v. Cabra*, 350 F.3d 985, 1004–05 (9th Cir. 2003) (citations omitted). Generally, motions in limine that seek exclusion of broad and unspecific categories of evidence are disfavored. *See Sperberg v. Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Motions in limine are "entirely within the discretion of the Court." *Jaynes Corp. v. American Safety Indem. Co.*, 2014 WL 1154180, at *1 (D. Nev. March 20,

---

[1] IDS is the only named Defendant in this action. The other defendants are fictitious individuals, partnerships, or corporations.

2014) (citing *Luce*, 469 U.S. at 41–42). Moreover, "[a] motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has pass." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 (9th Cir. 2013) (citing *Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 968 (9th Cir. 2001), *aff'd*, 574 U.S. 418 (2015).

Motions in limine are "provisional" in nature. *Goodman v. Las Vegas Metro. Police Dep't*, 963 F. Supp. 2d 1036 (D. Nev. 2013), *aff'd in part, rev'd in part, and dismissed in part on other grounds,* 613 F. App'x 610 (9th Cir. 2015). The Court issues its rulings on motions in limine based on the record currently before it. Therefore, rulings on such motions "'are not binding on the trial judge [who] may always change his [or her] mind during the course of a trial.'" *Id.* (quoting *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner)). "'Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded.'" *Id.* (quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)).

## II. DISCUSSION

In this Motion in Limine, IDS seeks an order precluding Plaintiffs' liability expert, Mr. Flood, from offering testimony regarding: (1) opinions that were not disclosed in his expert report, (2) whether Plaintiffs' medical care was reasonable and necessary and what the value of Plaintiffs' claim is, (3) the relevant standards in Arizona regarding insurance claim handling, and (4) the motives and intent of individual IDS representatives.

### A. Opinions Not Included in Mr. Flood's Expert Report

IDS asks this Court to limit the testimony of Mr. Flood to the content of his Federal Rule of Civil Procedure ("Rule") 26(a)(2)(B) report. Rule 26 requires expert reports to contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Rule 37(c)(1) generally forbids the use

at trial of any information that is not properly disclosed, unless it is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1); *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). Plaintiffs generally agree that experts may not offer new opinions beyond the scope of their reports; however, Plaintiffs note that IDS has not identified any undisclosed opinions that it wishes to preclude and therefore they are unable to address IDS's concerns. The Court agrees.

IDS has not asked this Court to rule on the admissibility of any particular statement or subject of testimony. It is unclear to this Court what statements from Plaintiffs' expert IDS seeks to bar. To the extent IDS seeks a broad ruling precluding Dr. Flood from testifying beyond a dry recitation of his report, its request is denied. *See Harrelson v. Dupnik,* 2014 WL 2510530, at *4 (D. Ariz. Mar. 12, 2014) (finding that Rule 26(a)(2)(B) "does not limit an expert's testimony simply to reading his report[;]" rather Rule 26(a)(2)(B) "contemplates that the expert will supplement, elaborate upon, [and] explain and subject himself to cross-examination upon his report in his oral testimony.") (internal quotation and citation omitted), *report and recommendation adopted as modified*, 2014 WL 2510569 (D. Ariz. June 4, 2014). However, IDS may raise objections during trial, and the Court will issue rulings as appropriate.

**B.  Opinions Regarding Reasonable and Necessary Medical Care and Value of Plaintiffs' Injury Claim**

IDS also seeks to exclude Mr. Flood's opinions regarding the reasonableness of necessity of Plaintiffs' medical care and the value of Plaintiffs' claim. IDS argues that "[t]he value of a bodily injury claim, including what medical expenses may be casually [sic] related and what general damages should be awarded, are peculiarly within the province of juries." (Doc. 49 at 2). IDS further argues that "Mr. Flood is not a medical expert, and has no basis for providing opinion evidence that will help a jury determine what portion of Plaintiff's medical expenses are reasonable and necessary as a result of the subject accident." (*Id.* at 3). Plaintiffs contend that they "do not intend for Mr. Flood, their liability expert, to testify as a medical expert regarding the reasonableness or necessity

of medical treatment." (Doc. 55 at 2). As IDS did not identify a specific statement or opinion by Mr. Flood that is outside his expertise, the Court finds that at this time, this request is too speculative and vague. IDS can object to specific testimony or evidence at the appropriate time during trial.

**C.     Opinions Regarding Arizona Law on Good Faith Claims Handling**

IDS also seeks to exclude Mr. Flood's opinions regarding the relevant standards in Arizona regarding insurance claim handling. IDS argues that "[i]t is the job of this Court, not Plaintiff's expert, to tell the jury what Arizona law requires of insurance companies[, and] [a]ny such opinions from Plaintiff's expert are not helpful to the jury and should be excluded." (Doc. 49 at 3). Plaintiffs contend that "Mr. Flood is competent and expected to testify, as has been disclosed, regarding his knowledge, training and experience of industry standards, including claims in Arizona, and his opinions that [IDS] deviated from those standards in this case." (Doc. 55 at 3).

Expert evidence is admissible under Federal Rule of Evidence ("Evidence Rule") 702 if the expert's "specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Accordingly, courts generally hold that an insurance claims handling expert in a bad faith case may testify as to whether the insurer's conduct was reasonable based on industry practices and norms. *See, e.g.*, *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (finding that an expert did not improperly embrace the issue of bad faith under Rule 704(a) by testifying as to the relevant industry standards and the defendant's failure to comport with these standards); *Fidelity Nat'l Financial, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburg*, PA, 2014 WL 1286392, at *10 (S.D. Cal. Mar. 28, 2014) ("[A claims handling] expert can inform the jury about the industry standards based on his experience and knowledge of the insurance industry."); *Home Ins. Co. v. Gates McDonald & Co.*, 2004 WL 5486631, at *6 (C.D. Cal. Feb. 9, 2004) ("[N]othing prevents experts from testifying on whether conduct by an insurer was reasonably prudent in light of the insurer's duties to its insured.").

Again, IDS has not asked this Court to rule on the admissibility of any particular

statement or opinion. To the extent IDS seeks a broad ruling precluding Mr. Flood from testifying to the relevant standards in Arizona regarding insurance claim handling, its request is denied. The Court will not preclude Mr. Flood from testifying regarding the relevant industry standards for Arizona insurance claim handling or describing how IDS's procedures deviated from these standards. However, IDS may raise objections during trial, and the Court will issue rulings as appropriate.

### D. Opinions Regarding the Intent and Motives of IDS Representatives

Finally, IDS argues that Mr. Flood should be precluded from testifying to the intent and motives of IDS's representatives because such testimony would be unhelpful to the jury. (Doc. 49 at 3). Plaintiffs contend that Mr. Flood will not testify regarding the motives and intent of individual IDS representatives. (Doc. 55 at 3). Accordingly, as IDS does not identify a particular statement or opinion that should be precluded and Plaintiffs represent that Mr. Flood will not testify regarding the intent or motives of individual IDS representatives, the Court denies IDS's request. However, IDS may raise objections during trial, and the Court will issue rulings as appropriate.

## III. FINAL PRETRIAL CONFERENCE

The Court has reviewed the parties' Joint Proposed Final Pretrial Order (Doc. 50-1) and prior to the Final Pretrial Conference, set for November 12, 2019, at 3:00 p.m., the parties shall meet and confer regarding their availability for a 4-5 day trial in December 2019 or January 2020. However, the parties should be aware that the Court is unavailable December 9th-11th, 20th, and 23rd-26th. Additionally, the parties shall be prepared to discuss whether a referral to a magistrate judge for a settlement conference would be beneficial. Plaintiffs shall also be prepared to discuss the necessity for each identified witness (Doc. 50-1 at 18-20), many of whom appear to be duplicative.

Accordingly,

**IT IS ORDERED** that Defendant IDS's Motion in Limine (Doc. 49) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall meet and confer prior to the Final Pretrial Settlement Conference regarding their available trial dates for December

2019 and January 2020 and shall be prepared to indicate whether a referral to a magistrate judge for a settlement conference would be beneficial.

**IT IS FINALLY ORDERED** that Plaintiffs shall be prepared to discuss at the Final Pretrial Conference the expected testimony and necessity of each identified witness.

Dated this 30th day of October, 2019.

Honorable Diane J. Humetewa
United States District Judge